UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**CHRISTOPHER ENLOE,**                         CASE NO.

    **Plaintiff,**

v.

**LLOYD "SKIP" SHIVER, in his official
capacity as SHERIFF, FRANKLIN
COUNTY, FLORIDA, and
STEPHEN MINIAT, individually,**

    **Defendants.**

_____/

## COMPLAINT

Plaintiff **CHRISTOPHER ENLOE,** sues Defendants, **LLOYD "SKIP" SHIVER, in his official capacity as SHERIFF OF FRANKLIN COUNTY, FLORIDA, and STEPHEN MINIAT, individually,** and alleges:

## JURISDICTION

1.    This is an action involving the violation of Plaintiff's federal civil rights and contains state causes of action pursuant to this Court's concurrent and pendant jurisdiction. The aggregate amount of damages claimed by Plaintiff against Defendants is in excess of $75,000.00, the jurisdictional amount required for venue in this Court.

2.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 in that this is a civil action arising under the Constitution of the United States.

3.  Jurisdiction of the Court is invoked pursuant to 28 U.S.C. §1343(a)(3) in that this action seeks to redress the deprivation, under color of state law, of rights secured to the Plaintiff by the Fourth Amendment to the Constitution of the United States of America.

4.  The Plaintiff's claim for relief is predicated upon 42 U.S.C. §1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges, and immunities secured to the Plaintiff by the Constitution and laws of the United States, and by 42 U.S.C. §1988 which authorizes the award of attorney's fees and costs to prevailing plaintiffs in actions brought pursuant to 42 U.S.C. §1983.

5.  Plaintiff, CHRISTOPHER ENLOE, was, at all relevant times, an inmate at the Franklin County Jail (herinafter "FCJ"). The incidents alleged herein occurred in Franklin County, Florida. Plaintiff is thus *sui juris*.

6.  Defendant, LLOYD "SKIP" SHIVER (hereinafter "Shiver"), at all times pertinent to this action, was the Sheriff of Franklin County, Florida and was responsible for the operation of the Franklin County Jail (FCJ) and inmates housed therein. Defendant Shiver was the employer of Defendant Edwards and other persons who inflicted punishment in the form of denial of medical care and other deprivations of rights on Plaintiff. He is sued in his official capacity.

7.  Defendant, STEPHEN MINIAT (hereinafter "Miniat"), at all times pertinent hereto, was a physician who provided medical care to inmates housed in the FCJ as an employee of Shiver and/or on contract with Shiver. He is sued in his individual capacity.

## **FACTS**

8.  In or around October 2006, Plaintiff was an inmate at the Franklin County Jail. Around this time, Plaintiff had received threats of violence from another inmate, Frederick "Scooter" Estes. Plaintiff reported these threats to an employee of Defendant, Robert Edwards, who took no action to separate Estes and Plaintiff.

9.  Inmate Estes subsequently made good on his promises, and viciously attacked Plaintiff. In the course of the attack, Plaintiff's head was split open when it made contact with a wall, and Estes continued to administer blows to Plaintiff after he was felled. Edwards eventually pulled Estes off of Plaintiff.

10. After the attack, Plaintiff was transported to the emergency room at Weems Memorial Hospital, where Plaintiff was treated with stitches only.

11. Two to three weeks after Plaintiff's attack, Plaintiff began experiencing problems with his vision in both eyes. When Plaintiff advised members of Shiver's staff about his condition, Plaintiff was sent to get prescription glasses.

12. On January 19, 2007, Plaintiff was released from FCJ but was rearrested on April 14, 2007, and brought back to FCJ on April 17, 2007.

13. In or around August of 2007, Plaintiff began experiencing bladder-control problems. Plaintiff began wetting himself at night or while asleep. When Plaintiff advised members of FCJ's medical staff about this condition, one of the nurses told Plaintiff there was nothing he could do as Plaintiff's condition was "just a symptom" of having an illness that the nurse was aware the Plaintiff had. Similarly, another nurse, Candice Register (now

Candice Henry), advised Plaintiff, "There's nothing we can do for you, it's because of your [condition]." Plaintiff was then taken to Defendant Miniat. Upon presenting his condition, Plaintiff was again told that nothing could be done to alleviate his condition. Defendant Miniat advised Plainitff that he could prescribe him Flowmax, but that nothing else could be done as it was simply a symptom of his illness. Plaintiff had no choice but to rely on Defendant's representations.

14.    Plaintiff's bladder problem persisted, and he was released from FCJ on December 4, 2007. Prior to his release, Plaintiff continued to complain about his rapidly deteriorating health to various members of the FCJ medical staff – Plaintiff was essentially ignored. Shiver's staff continued to cite Plaintiff's illness in justifying their refusal to render medical care. Plaintiff avers that much of his mistreatment and medical oversight can be attributed to the stigma Defendants' have attached to his condition.

15.    On September 3, 2008, Plaintiff was incarcerated in state prison, and was brought to the Florida Department of Corrections' Reception and Medical Center (RMC). By this time, Plaintiff had lost complete control of his bladder. Within weeks of Plaintiff's incarceration at RMC, medical tests revealed that Plaintiff had suffered extensive neurological and muscular damage, and Plaintiff further learned that he would have to use some form of a catheter for the rest of his life. During this time, Plaintiff was also examined by a neurologist who determined that Plaintiff had suffered brain damage caused by a head trauma. Plaintiff avers that the only head trauma he had ever suffered was at the hands of inmate Estes while at FCJ.

16. Subsequently, Plaintiff was also examined by a specialist, who advised Plaintiff that his bladder and eye problems were in no way attributable to his illness. Moreover, Plaintiff was advised by his neurologist that if he had received the appropriate medical care, weeks or even months after his injury, his condition would not have deteriorated to the point which it had deteriorated. Plaintiff's medical condition is irreversible.

17. For some time after Plaintiff's attack, Plaintiff was confined to a wheelchair. He now walks only with the help of a cane, and has been relegated to using a Foley catheter for the rest of his life.

18. Accordingly, Plaintiff has retained the undersigned to represent his interests in this case and is obligated to pay her a reasonable fee for her services. Defendants should be made to pay said fee and all costs associated with this action.

## COUNT I: CIVIL RIGHTS VIOLATION/DELIBERATE INDIFFERENCE– DEFENDANT SHIVER

19. Plaintiff re-alleges paragraphs 1-18 above and incorporates those allegations in this Count. This Count is pled in the alternative and is against Defendant Shiver. Shiver is sued in his official and/or supervisory capacity.

20. Defendant Shiver acted with deliberate indifference to Plaintiff's serious medical needs in the following ways: Defendant refused to provide medical care for Plaintiff's injuries after he was beaten by an inmate; Defendant refused to provide appropriate medical care for Plaintiff's visual problems developed after he was beaten;

Defendant refused to provide appropriate medical care for Plaintiff's bladder problems. One underlying reason that Defendant refused to provide medical care is that Defendant attributed Plaintiff's illnesses and medical problems to a condition that Plaintiff had.

21. Defendant further operated to violate Plaintiff's rights to be free from cruel and unusual punishment under the Eighth and Fourteenth Amendments tot he United States Constitution, bought through 42 U.S.C. §1983. For the purposes of this count alone, Miniat was acting inside the course and scope of his employment/affiliation with Defendant Sheriff.

22. Defendant Shiver is a person under applicable law. This Defendant is liable, both jointly and severally with Miniat to Plaintiff for the Defendants' conduct, individually and in concert, to violate the civil rights of Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

23. Defendant Sheriff misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

24. The foregoing actions of Defendant were willful, wanton and in reckless disregard of Plaintiff's rights and constitute cruel and unusual punishment.

25. Based upon the facts presented to Defendant, no reasonable person could have denying Plaintiff medical care for his injuries and ongoing medical problems were lawful or permissible behaviors under the United States Constitution at the time the actions by this Defendant were committed.

26. The actions or inactions of this Defendant as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when he knew of and disregarded severe risks to Plaintiff's health and safety.

27. Defendant Sheriff acted with deliberate indifference in the failure to adopt a policy and/or adopting an inadequate policy for incidents like that described herein when it was obvious that the likely consequences of not adopting a policy would be a deprivation of civil rights, and deliberately failed to provide Plaintiff with adequate medical care for his serious medical needs. These policies or lack thereof were the moving force behind the constitutional deprivations to Plaintiff. In part, Defendant's failure to adopt policies and/or their inadequate policies to ensure inmates receive prescribed medications and receive medical attention for injuries constituted deliberate indifference to Plaintiff's constitutional rights. Further, Defendant operated under a policy or a custom of ignoring inmate pleas for medical treatment, denying inmates medical care and treatment, depriving them of their medications and of refusing medical care despite knowledge of their need for treatment.

28. Defendant also failed to implement adequate hiring, training, staffing and supervisory procedures, a direct result of which Plaintiff was denied treatment and caused to suffer numerous injuries. By way of example, Defendant failed to adequately train his employees and assigns on how to respond to inmate requests for medical attention and how to treat inmates who complain of debilitating injuries.

29. Defendant Sheriff is an elected county official with final policy-making authority for Franklin County, Florida. He is responsible for hiring, training and supervising

the correctional officers and nursing staff who work under him and, when necessary, for investigating alleged wrongdoing by those employees. At all times referred to herein, the Defendant Sheriff and his correctional officers, employees and agents acted under color of state law.

30. Defendant Sheriff's failure to train, supervise, investigate and discipline the individual Defendant and other of his employees responsible for the denial of care and the abuses to Plaintiff described in part above constitutes either an improper policy or the absence of a policy of Defendant which resulted in the deliberate indifference to the constitutional rights of the Plaintiff. Defendant also, after notice of the constitutional violations alleged herein, officially sanctioned these actions and refused to discipline his agents and employees which established a policy, by a final policy-maker, that directly or indirectly resulted in the violation of Plaintiff's constitutional rights.

31. Defendant Sheriff also has a policy of denying medical care to inmates like Plaintiff and of being callously indifferent to inmates medical needs. Defendant Sheriff was a supervisor of employees who were responsible for the denial of care to Plaintiff. Finally, Defendant Sheriff also ratified the actions of Miniat by failing to discipline him and/or cite him for the improper care of Plaintiff. The Sheriff ratified the actions of his employees who participated, under the authority and supervision of Defendant Sheriff, in the denial of medical care and treatment of Plaintiff.

32. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity

for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

### COUNT II  CIVIL RIGHTS VIOLATIONS - DEFENDANT MINIAT

33. Plaintiff re-alleges paragraphs 1-18 above and incorporates those allegations in this Count.  This count is pled in the alternative.

34. Defendant Miniat acted with deliberate indifference to Plaintiff's serious medical needs by failing or refusing to provide Plaintiff with appropriate medications and medical care for his health conditions and ignored his pleas for help.   This Defendant refused to treat Plaintiff's ongoing pain.

35. By his actions and inactions, this Defendant further operated to violate Plaintiff's rights against cruel and unusual punishment protected by Eighth and Fourteenth Amendments to the United States Constitution brought through 42 U.S.C. §1983.

36. Miniat acted in bad faith and with malicious purpose and in a manner exhibiting wanton and willful disregard of human rights, safety, and property.

37. Based on the willful and malicious conduct of Defendant Miniat, as set out in part above, Plaintiff is entitled to a substantial award of punitive damages against Miniat.

38. Defendant Miniat is a person under applicable law.  This Defendant is liable, both jointly and severally, to Plaintiff for the Defendants' conduct, individually and in

concert, to violate the civil rights of Plaintiff under the Eighth and Fourteenth Amendments to the United States Constitution.

39.     Defendant misused his power, possessed by virtue of state law and made possible only because he was clothed with the authority of state law. The violation of Plaintiff's rights, as described above, occurred under color of state law and is actionable under 42 U.S.C. §1983.

40.     The foregoing actions of Defendant were willful, wanton and in reckless disregard of Plaintiff's rights and constitute cruel and unusual punishment.

41.     Based upon the facts presented to Defendant and the applicable law, no reasonable person could have concluded that failing to treat an inmate for medical conditions, primarily because of an existing medical condition, or refusing to treat serious injuries, or disregarding symptoms of serious medical problems, were examples of lawful or permissible behavior under the United States Constitution at the time the actions by this Defendant were committed.

42.     The actions or inactions of Defendant Miniat as set forth in part above constituted a deliberate indifference or reckless disregard for the safety of Plaintiff when he knew of and disregarded severe risks to Plaintiff's health and safety.

43.     As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages

have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## COUNT III- NEGLIGENCE - DEFENDANT SHERIFF

44. Plaintiff re-alleges paragraphs 1-18 above, incorporates those allegations in this Count, and further alleges as follows:

45. This is an action against Defendant Sheriff in his official capacity. This count is pled in the alternative.

46. Defendant owed a duty of care to Plaintiff due to Plaintiff being sufficiently restrained of his liberty and freedom within the Franklin County Jail. While Plaintiff was incarcerated in Defendant's jail, Defendant was responsible for providing adequate medical care to Plaintiff and to prevent foreseeable injury. Once Plaintiff was retrained of his liberty, a duty of care arose to provide him with proper medical treatment when necessary. Alternatively, because of the nature of the restraint and the subsequent custodial relationship between Plaintiff and the Defendant, Defendant had a special relationship with Plaintiff and, consequently, a duty of care was attendant thereto.

47. Defendant breached its duty of care to Plaintiff and/or a duty to protect Plaintiff from foreseeable injuries caused by the actions of his employees and/or agents, all of whom were acting within the course and scope of their employment and/or relationship with Defendant Sheriff.

48. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged, which damages include: grave mental anguish, pain and suffering, loss of capacity

for the enjoyment of life, embarrassment, humiliation, bodily injury, loss of reputation, lost employment opportunities, lost wages, and the loss of other emoluments.  These damages have occurred at present, in the past and will most likely occur in the future. Defendants are further jointly and severally liable to the Plaintiff for the unlawful conduct alleged herein.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

(a) that process issue and this Court take jurisdiction over this case;

(b) that this Court grant equitable relief against Defendants under the applicable counts set forth above, mandating Defendants' obedience to the laws enumerated herein and providing other equitable relief to Plaintiff;

(c) enter judgment against Defendants and for Plaintiff awarding damages to Plaintiff from Defendant for Defendants' violations of law enumerated herein;

(d) enter judgment against Defendants and for Plaintiff permanently enjoining Defendant from future violations of the state and federal laws enumerated herein;

(e) enter judgment against Defendants and for Plaintiff awarding Plaintiff attorney's fees and costs; and

(f) grant such other further relief as being just and proper under the circumstances

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury on all issues set forth herein which are so triable.

Dated this 7th day of October, 2010.

        Respectfully submitted,

        <u>/s/ Marie A. Mattox</u>
            Marie A. Mattox [FBN 0739685]
        MARIE A. MATTOX, P.A.
        310 East Bradford Road
        Tallahassee, FL 32303
        Telephone: (850) 383-4800
        Facsimile:  (850) 383-4801

        ATTORNEY FOR PLAINTIFF