IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER ENLOE,

    Plaintiff,

v.                                         CASE NO.  4:10cv433-RH/WCS

LLOYD "SKIP" SHIVER, etc., et al.,

    Defendants.

_____/

**ORDER REQUIRING DR. GAMA
TO APPEAR FOR A DEPOSITION**

      The plaintiff has scheduled for 3:00 p.m. on August 9, 2011, the deposition of Dr. Carlos Gama, a neurologist who treated the plaintiff in the Department of Corrections.  The plaintiff says he has properly subpoenaed Dr. Gama to appear but that Dr. Gama says he has a confidentiality agreement with the Department of Corrections that prohibits him from testifying without a court order.  The plaintiff seeks such an order.  The defendants do not oppose it.

      Dr. Gama has not been given an opportunity to be heard on the question of whether he must testify.  This order gives him notice of his opportunity to be heard.  The order also makes clear that if Dr. Gama has indeed been subpoenaed,

he must testify, unless he obtains a court order relieving him of the obligation to do so. A private confidentiality agreement or other contract ordinarily does not excuse a subpoenaed witness from the requirement to give unprivileged, nonproprietary testimony that is relevant to a lawsuit.

If Dr. Gama asserts he should not be required to testify as required by a subpoena, he must move for a protective order. He may do so orally, by telephone, at the time of the scheduled deposition. He should know that the party who loses a motion of this kind may be required to pay the attorney's fees incurred by the party who prevails on the motion. *See* Fed. R. Civ. P. 37; *Devaney v. Cont'l Am. Ins. Co.*, 989 F. 2d 1154, 1162 (11th Cir. 1993). Dr. Gama may represent himself in connection with such a motion or may retain an attorney. But Dr. Gama cannot refuse to testify as required by a properly-served subpoena without seeking a protective order.

For these reasons,

IT IS ORDERED:

The plaintiff is granted leave to conduct the deposition of Dr. Carlos Gama on August 9, 2011. If a subpoena has been served on Dr. Gama, he must (a) testify fully or (b) move for a protective order. Dr. Gama cannot refuse to testify based on a confidentiality agreement with the Department of Corrections unless he obtains a protective order. A motion for a protective order may be made orally

over the telephone by calling 850-521-3601 before 4:00 p.m. on August 9, 2011.

A failure to testify without a court order excusing the testimony may be treated as a contempt of court.

    SO ORDERED on August 8, 2011.

                                                             s/Robert L. Hinkle  
                                                             United States District Judge