IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CHRISTOPHER ENLOE,

    Plaintiff,

v().                                       CASE NO. 4:10cv433-RH/WCS

LLOYD "SKIP" SHIVER, etc., et al.,

    Defendants.

_____/

## ORDER REQUIRING DR. ABRAMSON
## TO APPEAR FOR A DEPOSITION

The plaintiff has scheduled for 5:00 p.m. on August 9, 2011, the deposition of Dr. Mark Abramson, a urologist who treated the plaintiff in the Department of Corrections. The plaintiff says he has properly subpoenaed Dr. Abramson to appear. But the plaintiff says that Dr. Abramson has said he will not appear—even though subpoenaed—unless he is paid in advance $900 for one hour's time. The plaintiff has agreed to pay a fee of $200 per hour—the rate charged by a different physician in this case—but asserts that $900 is unreasonable. The defendants do not disagree with the assertion that $900 per hour is unreasonable.

Federal law sets a witness's fee for appearing at a deposition or trial at $40

per day.  *See* 28 U.S.C. § 1821(b).  A person who testifies as an expert may charge more.  There is a split of authority on the question of whether a treating physician—a person who has personal knowledge of facts at issue but also has expertise—may properly charge a fee in excess of $40 per day.  *Compare, e.g., Mangla v. Univ. of Rochester*, 168 F.R.D. 137, 139 (W.D.N.Y. 1996) (holding that a deponent testifying solely as to the examination, treatment, and diagnosis of a patient was entitled to the witness fee set by 28 U.S.C. § 1821(b)), *with Wirtz v. Kan. Farm Bureau Servs., Inc.*, 355 F. Supp. 2d 1190, 1212 (D. Kan. 2005) (holding that a treating physician called to testify as to the diagnosis and treatment of a patient was entitled to reasonable fee as an expert witness).

The plaintiff has not contested Dr. Abramson's right to charge an expert fee, so long as it is reasonable.  Nor have the defendants.

Dr. Abramson has not been given an opportunity to be heard on the question of whether he must appear for the deposition even without payment of the $900 he has demanded.  This order gives him notice of his opportunity to be heard.  The order also makes clear that if Dr. Abramson has indeed been subpoenaed, he cannot refuse to appear without a court order relieving him of the obligation to appear.

The order authorizes Dr. Abramson to charge an expert fee and to insist on payment in advance.  But the order caps the fee at the higher of $300 or the

effective hourly rate that Dr. Abramson charges the Department of Corrections for treating its inmates. The effective hourly rate means the effective rate Dr. Abramson realizes for treating Department of Corrections inmates—the total revenue divided by hours at a facility. If Dr. Abramson seeks to avoid appearing in response to the subpoena without a greater payment, he must move for a protective order. He may do so orally, by telephone, at the time of the scheduled deposition. He should know that the party who loses a motion of this kind may be required to pay the attorney's fees incurred by the party who prevails on the motion. *See* Fed. R. Civ. P. 37; *Devaney v. Cont'l Am. Ins. Co.*, 989 F. 2d 1154, 1162 (11th Cir. 1993). Dr. Abramson may represent himself in connection with such a motion or may retain an attorney. But Dr. Abramson cannot refuse to appear in response to a properly-served subpoena without seeking a protective order.

For these reasons,

IT IS ORDERED:

The plaintiff is granted leave to conduct the deposition of Dr. Mark Abramson at 5:00 p.m. on August 9, 2011. If a subpoena has been served on Dr. Abramson and he is paid for one hour's attendance at the higher of $300 per hour or the effective hourly rate that he charges the Department of Corrections for treating its inmates, he must either (a) appear for the deposition, or (b) move for a protective order. A motion for a protective order may be made orally over the

telephone by calling 850-521-3601 before 5:30 p.m. on August 9, 2011. A failure to appear for the deposition without a court order excusing the appearance may be treated as a contempt of court.

    SO ORDERED on August 8, 2011.

                                                  s/Robert L. Hinkle
                                                  United States District Judge